

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Gill v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3378

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gill v. Atty Gen USA" (2007). *2007 Decisions*. Paper 47.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/47

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3378

SHAZAR GILL,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A95-833-936)
Immigration Judge: Honorable Eugene Pugliese

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,* District Judge

(Opinion filed: December 18, 2007)

OPINION

---

*Honorable Louis H. Pollak, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Shazar Gill petitions for review of an order issued by the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge (IJ) of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We have jurisdiction to consider this petition for review under Section 242 of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1252. For the reasons noted below, we deny the petition.

I.

We highlight only those facts that are pertinent to our analysis. Gill, a Seventh Day Adventist, is a native and citizen of Pakistan. He came to the United States as a nonimmigrant visitor on February 21, 2003, and was authorized to stay until May 20, 2003. He overstayed his visa and was charged with removal under 8 U.S.C. § 1227(a)(1)(B). Gill conceded his removability and proceeded to apply for asylum, withholding of removal, and protection under the CAT. Gill asserted in an affidavit attached to his applications, as well as in oral testimony, that he feared persecution in Pakistan because of his religion; however, there were significant differences in his accounts of prior harm suffered in Pakistan.

The IJ who considered Gill's applications made an adverse credibility determination because the testimony Gill presented at the immigration hearing was

2

significantly different than that presented in his affidavit supporting his application. Based on the adverse credibility determination, the IJ concluded that Gill had failed to meet his burdens of proof and persuasion with regard to his applications for asylum, withholding of removal, and withholding of removal under CAT. He additionally found that Gill was not eligible for voluntary departure.

Gill appealed the IJ's decision. The BIA affirmed and adopted the IJ's decision. In doing so, the BIA agreed that an adverse credibility determination was warranted because Gill's testimony at the hearing was materially different from that presented in his affidavit. The BIA further rejected Gill's contention that the IJ incorrectly found that he was ineligible for asylum because his application was untimely, holding that the IJ had not made such a finding. Gill filed a timely petition for review with our Court.

## II.

Where the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Where, as here, the IJ concludes that the petitioner is not credible, we review this determination "for substantial evidence." *Id.* Under this standard, "we must uphold an adverse credibility determination unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). Moreover, adverse credibility determinations must be "appropriately based on inconsistent statements, contradictory evidenc[e], and inherently

3

improbable testimony . . . in view of the background evidence on country conditions." *Id.* at 223 (internal quotation marks and citations omitted). Here, Gill's affidavit and oral testimony regarding alleged religious persecution in Pakistan were plagued by significant differences. At the hearing, he was unable to explain these inconsistencies. As a result, there was substantial evidence to find that Gill's testimony was not credible, and therefore that he had not satisfied his burdens of proof and persuasion with regard to his applications.

Accordingly, we deny Gill's petition for review.